IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. WAGNER, | ) | 8:12CV174 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE HONORABLE JOHN McHUGH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 10.) Also pending are Defendants' Motion to Strike, and Plaintiff Laurence Wagner's ("Wagner") Motion to Compel, Motion for Clerk's Entry of Default, and Objection to Defendants' Motion to Dismiss. (Filing Nos. 6, 8, 12, and 14.) As discussed in detail below, the court will deny Defendants' Motion to Dismiss, and provide Wagner an additional 45 days in which to effect service of process on Defendants.

## I. DEFENDANTS' MOTION TO DISMISS

    Defendants filed a Motion to Dismiss on November 1, 2012. (Filing No. 10.) They argue that this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The court agrees with Defendants that service of process is insufficient, but declines to dismiss the case at this time.

    Defendants are employees and agencies of the United States of America. (Filing No. 1 at CM/ECF pp. 1-2.) The requirements for service of process on the United States, its agencies, officers, and employees are found in Federal Rule of Civil Procedure 4(i). Rule 4(i) provides in relevant part:

>(1) United States. To serve the United States, a party must:
>
>>(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>>
>>>(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
>(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
>(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

Stated another way, in order to serve the federal agencies and employees that Wagner has named as defendants, he must serve the United States by delivering a copy

of the summons and complaint to the United States Attorney for the District of Nebraska, or by sending such copies by registered or certified mail to the civil process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A). In addition, he must serve a copy of the summons and complaint on the Attorney General of the United States by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B). Wagner must also serve the agencies, employees, and officers *in addition to serving the United States*. *See* Fed. R. Civ. P. 4(i)(2) and (3).

The docket sheet reflects that no summonses have been issued as to any Defendant. Indeed, Wagner admits that his only attempt at service was to use the "waiver of service of summons" process under Rule 4(d). However, Rule 4(d) plainly applies to individuals, corporations, or associations subject to service under Rule 4(e), (f), or (h), not to service on the United States under Rule 4(i). *See* Fed. R. Civ. P. 4(d) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."). *See also John v. Sec'y of Army*, 484 Fed.Appx. 661, 665 (3d Cir. 2012) (holding Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies). Furthermore, even if it were proper to serve Defendants under Rule 4(d), when Defendants did not return the waivers, Wagner was required to effect service by the traditional means, which he did not do.

The court agrees with Defendants that Wagner has not effected service of process. However, upon careful consideration, the court will not dismiss Wagner's Complaint. Rather, on the court's own motion, Wagner will have an additional 45 days in which to effect service of process on Defendants. *See McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) ("[w]hile a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service . . . especially where justice demands and prejudice would not result

to the improperly served parties"). Wagner is cautioned that he must comply with the Federal Rules of Civil Procedure in serving Defendants. Failure to properly serve any Defendant within 45 days will result in the dismissal of Wagner's claims against that Defendant.

## II. MOTIONS TO COMPEL AND FOR DEFAULT JUDGMENT

Wagner asks this court to compel Defendants to provide him with the addresses of five Defendants so that he can "complete the mailing of the Waiver of Summons to each and every listed Defendant." (Filing No. 6 at CM/ECF p. 2.) Wagner also asks the court to enter default judgment against Defendants because they have not waived service of process. (Filing No. 8.) However, as discussed above, Wagner must serve Defendants in accordance with Federal Rule of Civil Procedure 4(i), not by utilizing Rule 4(d)'s waiver of service method. Accordingly, the court will deny Wagner's Motion to Compel and Motion for Clerk's Entry of Default.

## III. DEFENDANTS' MOTION TO STRIKE

Wagner attached 52 pages of documents to his "Rebuttal to Motion to Dismiss." (Filing No. 12.) As best as the court can tell, Wagner has offered these documents as "evidence" in support of his Complaint. Defendants argue that these documents should be stricken from the record because they are not authenticated, and Wagner did not make a showing of their admissibility. (Filing No. 15.)

The "evidence" attached to Wagner's Rebuttal relates entirely to the merits of Wagner's claims, and is immaterial at this stage of the proceedings. Moreover, the court agrees with Defendants that the documents are not authenticated, and Wagner did not make a showing of their admissibility. For these reasons, the court will grant Defendants' Motion to Strike, and direct the clerk's office to strike Filing Numbers 12-

1 through 12-5.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

IT IS THEREFORE ORDERED that:

1. Wagner's Motion to Compel (Filing No. 6) is denied.

2. Wagner's Motion for Clerk's Entry of Default (Filing No. 8) is denied.

3. Defendants' Motion to Dismiss (Filing No. 10) is denied without prejudice to reassertion.

4. Wagner's "Rebuttal to Motion to Dismiss" (Filing No. 12) is denied.

5. Defendants' Motion to Strike (Filing No. 14) is granted.  The court directs the clerk's office to strike Filing Number 12-1 at CM/ECF p. 6 through Filing Number 12-5 from the record.

6. Wagner shall have until 45 days from the date of this Memorandum and Order to effect service of process on Defendants.  Failure to properly serve any Defendant within 45 days will result in the dismissal of the claims against that Defendant.[1]

7. The court directs the clerk's office to set the following pro se case management deadline: Mary 3, 2013: Deadline for Wagner to properly serve Defendants.

---

[1]The clerk's office already provided Wagner with 58 summons forms. (*See* Filing No. 2.)  If Wagner needs additional forms, he must request them from the clerk's office or retrieve them from the Forms page on the court's Web site at http://www.ned.uscourts.gov/forms.

DATED this 19th day of March, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.